UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PIERSON, III, | No. 2:14-cv-0324 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| BRUCE ROGOW, J.D., et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff alleges diversity as the basis of subject matter jurisdiction. The federal venue statute requires that a civil action wherein jurisdiction if founded only on diversity of citizenship may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

In this action, defendants reside in Fort Lauderdale, Florida, which is located in the Southern District of Florida. The alleged malpractice underlying plaintiff's complaint occurred in that venue as well. Therefore, plaintiff's claim should have been filed in the United States District Court, Southern District of Florida, Fort Lauderdale Division. In the interest of justice, a

federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court, Southern District of Florida, Fort Lauderdale Division.

Dated: February 4, 2014

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 pierson.tra

2